UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN NASCA and MICHELLE NASCA, *as Administrators of the Estate of* CHASE NASCA, DEAN NASCA, and MICHELLE NASCA, *individually*,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE LTD.; BYTEDANCE INC.; TIKTOK INC.; METROPOLITAN TRANSPORTATION AUTHORITY; MTA LONG ISLAND RAILROAD; LONG ISLAND RAILROAD; and the TOWN OF ISLIP,<br><br>Defendants. | Case No. 2:23-cv-02786<br><br>Removal from the Supreme Court of the State of New York, County of Suffolk<br>Index No. 607250/2023 |

## **DEFENDANTS BYTEDANCE INC. AND TIKTOK INC.'S NOTICE OF REMOVAL**

Defendants ByteDance Inc. and TikTok Inc. (collectively, the "TikTok Defendants") hereby remove the above-styled action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. § 1332, 1441, and 1446, as well as Local Civil Rule 81.1, based on the below facts, which show that this case may properly be removed to this Court.

## **BACKGROUND**

1. This action is one of several lawsuits filed against companies offering various communication services that allow users to create, share, and view content with other users, based on alleged harms stemming from the use of those companies' communication services. The Judicial Panel on Multidistrict Litigation (JPML) formed a multidistrict litigation (MDL) to

coordinate these actions. The MDL involves various defendants such as Meta Platforms, Inc., Instagram LLC, Snap, Inc., YouTube LLC, Google LLC, Alphabet Inc., and the TikTok Defendants and was established to centralize actions sharing common factual questions "arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Case No. 22-md-03047-YGR, 2022 WL 5409144, at *1 (J.P.M.L. Oct. 6, 2022).

2. On October 18, 2022, Plaintiffs filed suit against TikTok Inc. and an affiliated company, ByteDance Inc., in the United States District Court for the Northern District of California. *Nasca, et al., v. ByteDance Inc., et al.*, Case No. 22-cv-06134-YGR, Dkt. 1 (N.D. Cal. Oct. 18, 2022) ("MDL Compl."). Plaintiffs brought strict products liability, negligence, unjust enrichment, and invasion of privacy claims based on allegations "that TikTok is addictive and directs vulnerable users to highly dangerous and harmful videos" and that TikTok "fail[ed] to provide adequate warnings to minor users and their parents" about the purported dangers of the social media platform. *See id*. ¶ 5.

3. On October 20, 2022, the originally filed *Nasca* case was reassigned to Judge Yvonne Gonzalez Rogers for inclusion in the newly created MDL styled as *In re: Social Media Adolescent Addiction/Personal Injury Products Liab. Litig.*, No. 22-md-03047-YGR (N.D. Cal.) (the "MDL"), consistent with the JPML's Transfer Order, *see* 2022 WL 5409144.

4. Plaintiffs thereafter voluntarily dismissed their lawsuit. *Nasca*, Case No. 22-cv-06134-YGR, Dkt. 12 (N.D. Cal. Mar. 8, 2023).

5. Less than two weeks later, on March 21, 2023, Plaintiffs re-filed the *Nasca* action against the TikTok Defendants and, for the first time, named Defendants Metropolitan

Transportation Authority, MTA Long Island Railroad, Long Island Railroad, and the Town of Islip (the "MTA Defendants"). This Complaint was filed in the Supreme Court of the State of New York, Suffolk County, bearing Index No. 607250/2023 (the "Complaint"). The Complaint is largely identical to the MDL Complaint. Of the 13 counts in the Complaint, 12 are brought against the TikTok Defendants (and ByteDance Ltd.), and only one substantive claim is tacked on against the MTA Defendants—a completely unrelated negligence claim targeting the MTA Defendants' decision not to fence in a section of railroad track.

6. This case is properly removed to this Court under 28 U.S.C. § 1441 because (1) the TikTok Defendants have satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441. The citizenship of the MTA Defendants should be ignored because they are fraudulently misjoined.

## VENUE AND JURISDICTION

7. Venue is proper in this Court because the Supreme Court of the State of New York, County of Suffolk, is located in the Eastern District of New York. The Eastern District of New York, accordingly, is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action within the meaning of Section 1332(a);

(b) the properly joined parties are citizens of different states, as required by § 1332(a)(1);

(c) the amount in controversy exceeds $75,000, as required by § 1332(a).

**BASIS FOR REMOVAL**

**I.    TikTok Defendants Have Satisfied The Procedural Requirements For Removal.**

9.     Plaintiffs served the Complaint on TikTok Inc. and ByteDance Inc. on March 27, 2023.  ByteDance Ltd., a foreign corporation, has not been served in accordance with the requirements for service on foreign entities.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because the TikTok Defendants filed this Notice of Removal within 30 days after service of the Complaint on TikTok Inc. and ByteDance Inc.  *See Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins upon service of summons and complaint).

10.    The TikTok Defendants are the only properly joined defendants and both join this removal.  ByteDance Ltd. need not join in or consent to the removal of this action as it has not been properly served.  *See* 28 U.S.C. § 1446(b)(2)(A).  The TikTok Defendants need not obtain the consent of the MTA Defendants because, as set forth more fully below, Plaintiffs have fraudulently misjoined their social media addiction-based claims against the TikTok Defendants with unrelated claims against the MTA Defendants to defeat diversity jurisdiction.  *See Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010) ("[C]ourts may excuse the failure to join all defendants in the removal petition or to otherwise obtain their consent for removal where the non-consenting defendants 'have not been served, [are] unknown defendants, [or have been] fraudulently joined.'").  As described below, the Court should sever Plaintiffs' claims against the MTA Defendants and exercise jurisdiction over the claims against the TikTok Defendants.

11.    The TikTok Defendants attach a copy of all process, pleadings, and orders served, including summonses and petitions, as **Exhibit A**.  No further proceedings have occurred in the state court action.  A copy of this Notice of Removal is being served upon counsel for Plaintiffs

and a copy is being filed with the Supreme Court of the State of New York, County of Suffolk. *See* 28 U.S.C. § 1446(d).

12. The Civil Cover Sheet and the TikTok Defendants' Corporate Disclosure Statement are attached as **Exhibit B** and **Exhibit C**, respectively. *See* Loc. Civ. R. 4; Fed. R. Civ. P. 7.1.

**II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.**

13. Removal is proper under 28 U.S.C. § 1332 because: (1) Plaintiffs and the TikTok Defendants are diverse; (2) the MTA Defendants have been fraudulently misjoined; and (3) Plaintiffs' claims against the TikTok Defendants place more than $75,000 in controversy, exclusive of costs and interest.

**A. Complete Diversity of Citizenship Exists Between Plaintiffs and TikTok Defendants.**

14. For purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship of the decedent. 28 U.S.C. § 1332(c)(2).

15. Each Plaintiff is an individual and a citizen of New York. Chase Nasca was also a citizen of New York. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [which] is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

16. In the original *Nasca* action, Plaintiffs alleged their New York residency as a basis for diversity of citizenship between the parties. MDL Compl. at ¶¶ 9, 17 (alleging that because Plaintiffs "are individuals residing in Bayport, New York," "Plaintiffs and Defendants are residents and citizens of different states" and therefore "[t]his Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a).").

17. In this action, Plaintiffs similarly allege that they are residents of "Suffolk County in the State of New York." Compl. at ¶¶ 11-12 (included in Exhibit A). Residence is *prima facie* evidence of domicile, *Galu v. Attias*, 923 F. Supp. 590, 595 (S.D.N.Y. 1996), and while domicile "is more than an individual's residence, … the two typically coincide," *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). Moreover, where, as here, a party resides in only one state, courts have treated the state of residence as the state of domicile. *See, e.g.*, *Morrison v. Blitz*, Case No. 88-cv-05607, 1996 WL 403034, at *1 (S.D.N.Y. July 18, 1996) ("[d]etermining the domicile and citizenship of a person who resides only in one state is a relatively simple task— that person is domiciled in the state in which he lives."). Accordingly, Plaintiffs are citizens of New York for purposes of determining diversity of citizenship.

18. Each of the TikTok Defendants is a citizen of a state other than New York. The TikTok Defendants are corporations. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

19. Defendant ByteDance Ltd. is a foreign corporation and is subject to § 1332(c)'s dual citizenship provision just as domestic corporations are. *See, e.g.*, *Brauner v. Brit. Airways PLC*, Case No. 12-cv-00343, 2012 WL 1229507, at *3 (E.D.N.Y. Apr. 12, 2012). ByteDance Ltd. is "headquartered in Beijing and incorporated in the Cayman Islands." Compl. at ¶ 14. Accordingly, ByteDance Ltd. is a citizen of China and the United Kingdom for diversity of citizenship purposes. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002) (the Cayman Islands are part of the British Overseas Territories, and are therefore considered "citizens or subjects" of the United Kingdom).

20. Defendant ByteDance Inc., "is a Delaware corporation with its principal place of business in Mountain View, CA." Compl. at ¶ 16. Accordingly, ByteDance Inc., is a citizen of Delaware and California for diversity of citizenship purposes.

21. Defendant TikTok Inc., "is a California corporation with its principal place of business in Culver City, CA." Compl. at ¶ 17. Accordingly, TikTok Inc., is a citizen of California for diversity of citizenship purposes.

22. There is, consequently, complete diversity between Plaintiffs and the TikTok Defendants (including ByteDance Ltd., which has not been served, for these purposes). This action is subject to 28 U.S.C. § 1332(a)(3) as a controversy between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." *See also IGY Ocean Bay Properties, Ltd., v. Ocean Bay Properties I Ltd.*, 534 F. Supp. 2d 446, 449 (S.D.N.Y. 2008) (the "additional parties" provision in the diversity jurisdiction statute "applies when the dispute involves citizens of different domestic states on opposite sides, along with foreign citizens on either side . . . .").

### B. This Court Should Disregard the Citizenship of the MTA Defendants Because They Have Been Fraudulently Misjoined.

23. As its first paragraph makes plain, the Complaint's central theory is that technology companies "are often built around maximizing user engagement as opposed to safeguarding users' health" and alleged harms stemming from that "business model." *See* Compl. p. 2. Despite this, the Complaint fraudulently misjoins the MTA Defendants. Compl. at ¶¶ 22-25. None of the MTA Defendants has any relationship to the Complaint's allegations about the alleged harms from social media services, and the Court may disregard the MTA Defendants for purposes of determining diversity of citizenship.

24. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff improperly joins a nondiverse party to defeat federal jurisdiction. Courts ignore the citizenship of fraudulently misjoined parties for the purposes of determining whether the parties are diverse. *See e.g.*, *In re Propecia (Finasteride) Prod. Liab. Litig.*, Case No. 12-md-02331, 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013).

25. Fraudulent misjoinder is established where a plaintiff joins together claims against two different defendants, one of them non-diverse, even though there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard. *In re Propecia*, 2013 WL 3729570, at *4; *see In re Rezulin Prods. Liab. Litig. ("In re Rezulin")*, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y. 2001) (fraudulent misjoinder occurs where there is "not one claim against" the diverse and non-diverse defendants "arising from the same transaction or occurrence.") (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)).

26. Where a plaintiff has fraudulently misjoined a defendant, "courts sever the misjoined party pursuant to Federal Rule of Civil Procedure 21" to "preserv[e] diversity jurisdiction over the remainder of the action." *In re Fosamax Prods. Liab. Litig. ("In re Fosamax")*, Case No. 06-md-01789, 2008 WL 2940560, at *4 (S.D.N.Y July 29, 2008). In fact, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time" to preserve diversity jurisdiction. *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 336 (2d Cir. 2004).

27. While indicia of a plaintiff's bad faith and purposeful intent to join non-diverse parties to defeat diversity jurisdiction may warrant the Court's exercise of its discretion under Rule 21 to preserve diversity jurisdiction, the doctrine of fraudulent misjoinder does not require a showing of actual fraud or bad faith or an examination of the plaintiff's subjective intent in

preparing the complaint. *In re Propecia*, 2013 WL 3729570, at *5 (E.D.N.Y. May 17, 2013). Courts regularly deny remand as to diverse defendants and sever claims against non-diverse defendants where the claims lack a "logical relationship" to each other, *M.W. v. Ford Motor Co.*, Case No. 14-cv-03132, 2015 WL 1311029, at *3, *5 (M.D. Fla. March 24, 2015); *Flores-Duenas v. Briones*, Case No. 13-cv-00660, 2013 WL 6503537, at *4 (D.N.M. Dec. 1, 2013), or in other words, the claims "have no real connection" with one another, *see, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008); *Hughes v. Sears, Roebuck & Co.*, Case No. 09-cv-00093, 2009 WL 2877424, at *5 (N.D. W.Va. Sept. 3, 2009).

28.     Here, the underpinnings of the claims against the TikTok Defendants and the MTA Defendants are distinct, and the claims cannot properly be joined together. To determine whether a party is fraudulently misjoined, a majority of courts in the Second Circuit have looked to state permissive joinder rules, *e.g.*, *In re Propecia*, 2013 WL 3729570, at *11, while some others have applied Federal Rule 20, *In re Rezulin*, 168 F. Supp. 2d at 144. Regardless of which rules apply, the analysis would not differ because "[t]he New York rule of civil procedure governing permissive joinder is nearly identical to its federal corollary, Rule 20(a)." *Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am.*, Case No. 14-cv-03303, 2014 WL 7004033, at *3 (S.D.N.Y. Dec. 11, 2014). Both the federal and New York rules permit joinder of defendants against whom there is asserted any right to relief "jointly, severally, or in the alternative" with respect to or "arising out of the same transaction, occurrence, or series of transactions or occurrences" if "any common question of law or fact would arise." *See* C.P.L.R. § 1002(b); Fed. R. Civ. P. 20(b).

29. As the text of these rules makes clear, these requirements are cumulative: "not only must there be a common question, but also the right to relief must arise from the same transaction or series of transactions." *Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473, 475 (S.D.N.Y. 1965) (quotation marks omitted). The "operative facts asserted" against one of the defendants must be "factually connected to those asserted against" each of the other defendants. *Id.*; *Cipolla v. La Franco*, 202 N.Y.S.2d 337, 338 (N.Y. Sup.Ct. 1960) (decided under predecessor of C.P.L.R. § 1002). Neither of these requirements—the right to relief arising from the same transaction or the common core of operative facts—is satisfied here.

30. Plaintiffs' allegations against the TikTok Defendants in this action are substantively identical to the claims that were brought in the Northern District of California and transferred to the MDL. Plaintiffs allege that the TikTok Defendants designed the TikTok social media platform "to promote and instill familiarity and trust among its youngest users" and used "design mechanics and mechanisms to addict those same minor users in a manner the TikTok Defendants know to be harmful to their health and well-being." *E.g.*, Compl. at ¶ 3; *compare e.g.*, MDL Compl. at ¶ 5 (alleging that "TikTok is addictive and directs vulnerable users to highly dangerous and harmful videos").

31. Plaintiffs further allege here, as they did in the MDL, that TikTok Defendants "[did] not warn minor users or their parents of the addictive design of the TikTok product" and that "TikTok actively tries to conceal the dangerous and addictive nature of its product." *E.g.*, Compl. at ¶ 62; *compare e.g.*, MDL Compl. at ¶ 5 (alleging that TikTok "fail[ed] to provide adequate warnings to minor users and their parents that TikTok is addictive" and directs its users to "dangerous videos."). These factual allegations form the basis of Plaintiffs' products liability and negligence claims against the TikTok Defendants (Counts I – IV).

32. Plaintiffs' remaining substantive causes of action against the TikTok Defendants are for violations of New York's consumer protection laws (Count VIII), unjust enrichment (Count IX), invasion of privacy (Count X), and infliction of emotional distress (Count XI). These remaining claims all have the same factual underpinnings as the products liability and negligence claims against the TikTok Defendants—that TikTok is "dangerous and addictive" and/or improperly advertised without adequate warnings. *See e.g.*, Compl. ¶¶ 286-87 (violation of consumer protection laws); 292 (unjust enrichment); 296-97 (invasion of privacy claim); 301 (infliction of emotional distress).

33. In sharp contrast, the allegations against the MTA Defendants are completely different. The factual basis of Plaintiffs' allegations against the MTA Defendants concerns decisions "not to fence [a] section of track, despite the fact that [the MTA Defendants] were aware that many other people had previously been struck by trains at or near this location," as the decedent had been. Compl. at ¶ 9. Based on this alleged wrongdoing (which has nothing to do with TikTok), Plaintiffs bring one substantive cause of action against the MTA Defendants, for negligence (Count V). The remaining causes of action aimed at MTA Defendants are derivative of Plaintiffs' negligence claim.

34. The lack of connection between the TikTok and MTA Defendants is clear from the face of the Complaint, which is devoid of allegations "of conspiracy or other concert of action" between TikTok Defendants and MTA Defendants. *See Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974). Nor is there any hint of a "connection . . . between the practices engaged in" by these separate defendants. *Id.* That Plaintiffs "had dealings with all of the defendants," is not enough to satisfy the permissive joinder

standard—even if all of those dealings were of the same general type, *Kenvin*, 37 F.R.D. at 475, which they are not here.

35. Tellingly, the claims against TikTok Defendants and MTA Defendants would require presentation of entirely separate evidence and consideration of individual defenses. Evidence related to decisions not to fence certain sections of train tracks would not be relevant to the claims against the TikTok Defendants and their defenses to the same, and evidence about TikTok's design features, "algorithmic formulas," and the way in which TikTok advertises the platform would likewise bear little relevance to the case against the MTA Defendants.

36. Joinder is plainly improper under these circumstances. *See, e.g.*, *Poole v. Allstate Ins. Co.*, 20 A.D.3d 518, 519 (N.Y. App.Div. 2d Dep't 2005) (where "the defenses raised ... are many and varied, and would necessarily entail mini-trials as to the individual claims," joinder is improper); *see also Nsight Technologies, LLC, v. Fed. Ins. Co.*, Case No. 09-cv-00006, 2009 WL 1106868, at *4 (S.D. Miss. Apr. 23, 2009) (finding misjoinder where claims arose "out of separate allegations of wrongdoing occurring at separate times" and separate evidence would prove the distinct factual and legal issues) (citation omitted); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (malpractice claims against medical defendants severed from product liability claims against tobacco company because the proof required for respective claims was "totally different"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (claims against pharmaceutical manufacturer fraudulently misjoined with claims against physicians and sales representatives, because "[i]ndividual circumstances, actions, and omissions were involved in each Plaintiff's choice to ingest the medication, as well as each Defendant's role in, and responsibility for, that decision").

37. That Plaintiffs previously filed this suit *solely* against certain of the TikTok Defendants underscores that the MTA Defendants were not properly joined. Plaintiffs should not be permitted to sidestep the efficiencies of the MDL process by refiling in state court and adding non-diverse defendants, as they have here. The Eastern District of New York recognized as much in *In re Propecia*, observing that if plaintiffs "can escape [an] MDL by joining multiple, unconnected and non-diverse parties in a state court of their choice, they defeat the purposes of the MDL and deny defendants their right to removal." *In re Propecia*, 2013 WL 3729570, at *8 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 397 n.2 (1981) for "the 'settled principle'" that courts "'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum'").

38. The MDL was formed to coordinate exactly this type of action. "[O]ther courts considering issues of fraudulent misjoinder have stated" that "both judicial economy and consistency are served by allowing [the MDL court]" to decide issues "involv[ing] common questions of law and fact" with cases in the MDL litigation. *See Browne v. Juul Labs, Inc.*, Case No. 21-cv-00468, 2021 WL 2682255, at *4 (N.D.N.Y. June 30, 2021) (granting defendant's motion to stay ruling on plaintiff's motion to remand pending transfer decision by JPML to the MDL) (citations omitted). The same is true here.

39. For all these reasons, the Court should sever the claims against the MTA Defendants and maintain diversity jurisdiction over the remaining claims against the TikTok Defendants. *See, e.g.*, *In re Propecia*, 2013 WL 3729570, at *8. Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in the MDL. *See, e.g.*, *id.*

### C. The Amount-in-Controversy Requirement is Satisfied.

40. The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is clear from the face of Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. §1332(a).

41. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 89 (2014). The TikTok Defendants take no position as to which of the Complaint's allegations are admitted or denied at this state, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief. Based on the allegations in the Complaint, however, the amount in controversy exceeds $75,000.

42. In this case, it is facially apparent that there is a "plausible allegation" given the severity of Plaintiffs' alleged injuries, that the amount in controversy exceeds $75,000. *See James v. Gardner*, Case No. 04-cv-01380, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (noting that although the complaint only stated that the $25,000 jurisdictional requirement for New York state court was met, defendant showed a reasonable probability that damages exceeded $75,000 when complaint alleged "severe and permanent personal injuries"). Plaintiffs seek compensatory damages and other relief related to the death of their child. Indeed, "common sense dictates the amount in controversy would likely exceed $ 75,000, given that the claims at issue are based on the death of a human being." *Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*, Case No. 16-cv-00465, 2016 WL 11491579, at *3 (M.D. Fla. Aug. 1, 2016).

\* \* \*

**WHEREFORE,** the TikTok Defendants submit that this action is now properly removed from the Supreme Court of the State of New York, Suffolk County, and the State Court has been

divested of jurisdiction over this action pursuant to 28 U.S.C. § 1446(d) and shall proceed no further unless and until the case is remanded, and that this action is properly before this Court.

Dated:  April 13, 2023    Respectfully submitted,

/s/ *Kristen Fournier*

| **FAEGRE DRINKER BIDDLE & REATH LLP** | **KING & SPALDING LLP** |
|---|---|
| Andrea R. Pierson (*pro hac forthcoming*)<br>Andrew L. Campbell (*pro hac forthcoming*)<br>300 N. Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: +1 317 237 0300<br>Facsimile: +1 317 237 1000<br>Email: andrea.pierson@faegredrinker.com<br>          andrew.campbell@faegredrinker.com<br><br>M. Joseph Winebrenner (*pro hac forthcoming*)<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone: +1 612 766 7000<br>Facsimile: +1 612 766 1600<br>Email: joe.winebrenner@faegredrinker.com | Kristen R. Fournier (N.Y. Bar No. 4439857)<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036-2601<br>Telephone: + 1 (212) 556 2100<br>Facsimile: + 1 (212) 556 2222<br><br>Geoffrey M. Drake (*pro hac forthcoming*)<br>1180 Peachtree Street, NE, Suite 1600<br>Atlanta, GA 30309<br>Telephone: + 1 (404) 572-4600<br>Facsimile: + 1 (404) 572-5100<br>Email: gdrake@kslaw.com<br><br>Albert Giang (*pro hac vice forthcoming*)<br>633 West Fifth Street<br>Suite 1600<br>Los Angeles, CA 90071<br>Telephone: +1 213 218 4001<br>Email: agiang@kslaw.com<br><br>David Mattern (N.Y. Bar No. 5228341)<br>1700 Pennsylvania Avenue, NW<br>Suite 900<br>Washington, D.C. 20006<br>Telephone: +1 202 626 2946<br>Email: dmattern@kslaw.com<br><br>*Attorneys for Defendants ByteDance Inc. and TikTok Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, the foregoing was electronically filed with the Court's ECF system and served by e-mail as follows:

Harris Marks (hmarks@belluckfox.com)
Belluck & Fox, LLP
546 5th Avenue, 5th Floor
New York, New York 10036

Matthew P. Bergman (matt@socialmediavictims.org)
Laura Marquez-Garrett (laura@socialmediavictims.org)
Glenn S. Draper (glenn@socialmediavictims.org)
Social Media Victim's Law Center PLLC
821 Second Avenue, Suite 2100
Seattle, WA 98104


/s/ *Kristen Fournier*
Kristen R. Fournier