UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEAN NASCA and MICHELLE NASCA, as Administrators of the Estate of CHASE NASCA, DEAN NASCA, and MICHELLE NASCA, individually,

       Plaintiffs,

  -against-

BYTEDANCE LTD.; BYTEDANCE INC.; TIKTOK INC.; METROPOLITAN TRANSPORTATION AUTHORITY; MTA LONG ISLAND RAILROAD; LONG ISLAND RAILROAD; and the TOWN OF ISLIP,

       Defendants.

**MEMORANDUM & ORDER**
**23-CV-2786 (NGG) (JMW)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Magistrate Judge James M. Wicks's Report and Recommendation ("R&R") that this court should grant Plaintiffs' motion to remand the case to state court for lack of subject matter jurisdiction. (*See generally* R&R (Dkt. 29).) For the foregoing reasons, Judge Wicks's R&R is adopted in full.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Dean and Michelle Nasca are parents of Chase Nasca, a Long Island teenager who committed suicide in February 2022. The Nascas brought a products liability claim against TikTok and its parent companies (collectively, "TikTok") and a negligence claim against the Metropolitan Transportation Authority, the Long Island Railroad, and the Town of Islip (collectively "the MTA"). They alleged that TikTok's algorithm promoted videos that persuaded Chase to kill himself, including by stepping in

front of a train, and that the MTA failed to properly maintain fences leading to railroad tracks.

The Nascas initially filed suit against TikTok in the Northern District of California, which was then consolidated in an MDL in the same district, and they filed an administrative complaint *pro se* against the MTA. Shortly thereafter, they voluntarily dismissed their case pursuant to Rule 41(a)(1)(A)(ii) and refiled a complaint in New York state court against both TikTok and the MTA. TikTok then removed the case to federal court, arguing that even though there were non-diverse parties, the MTA Defendants were not properly joined and so the Nascas had artificially circumvented federal diversity jurisdiction under 28 U.S.C. § 1332. The Nascas moved the court to remand the case to state court, asserting that the non-diverse parties were properly joined and this court did not have jurisdiction. This court referred the motion to remand to Magistrate Judge James M. Wicks, who recommended this court grant the Nascas' motion to remand. TikTok objected to Judge Wicks's recommendation. (*See generally* Obj. (Dkt. 32).) For the foregoing reasons, this court overrules TikTok's objections and adopts Judge Wicks's recommendation in full.

## II.   LEGAL STANDARD

When reviewing an R&R from a Magistrate Judge, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The objections must be specific; when the objecting party "makes only conclusory or general objections, or simply reiterates [its] original

2

arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).[1]

## III. DISCUSSION

TikTok made three objections to Judge Wicks's R&R. First, TikTok claimed that Judge Wicks incorrectly determined there was no misjoinder. Second, TikTok argued that Judge Wicks erroneously required fraudulent misjoinders to be "egregious" in order for a federal court to have jurisdiction despite allegations against non-diverse defendants. And third, TikTok argued that Judge Wicks erred in not following the Second Circuit's decision in *In re Ivy*, 901 F.2d 7 (2d Cir. 1990), which it contends directs district courts to defer to MDL transferee judges for jurisdictional disputes. Because the court finds that joinder was proper, it does not address whether the standard for fraudulent misjoinder is that it is "egregious" and overrules the objection without analysis.

### A. TikTok and the MTA were properly joined.

Defendants have a statutory right to remove to federal court any civil action that was brought in state court but that could have been originally brought in federal court. 28 U.S.C. § 1441(a). The issue in this case is § 1441(b)(2), commonly known as the "forum defendant rule," which limits removability "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

As Judge Wicks noted in the R&R, the inquiry into whether a party is "properly joined" is one of state law. (R&R at 17.) Using state law "better serves interests of comity and federalism," (*Id.*) but it is also required by the text of the statute. The right to remove is one that exists for a "civil action brought in State court." § 1441(a). The only civil action that exists when assessing whether parties are "properly joined" under § 1441(b)(2) is the state action which necessarily applied state joinder law. If home forum defendants are properly joined, then no federal jurisdiction exists; a federal court with no jurisdiction cannot apply federal joinder law to create jurisdiction. Diverse defendants have a right to federal jurisdiction, but that right does not come at the expense of states' rights to establish procedure for their courts. The court therefore does not find it necessary to adopt or apply the clunkily named "fraudulent misjoinder" doctrine, as the text of the federal statute provides sufficient guidance for when removal is appropriate.

This is relevant for the construction of New York's joinder law: "[p]ersons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise." N.Y. C.P.L.R. § 1002(b). While the language is similar to the joinder equivalent in the Federal Rules of Civil Procedure 20, New York's joinder law should be "liberally construed." *Leone v. Bd. of Assessors*, 953 N.Y.S.2d 157, 159 (2012).[2]

In order to satisfy New York's joinder rule, "a single event (or related series of events) must have involved all the parties to be joined; and (2) at least one question of law or fact links the claims

---

[2] TikTok's reliance on *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009), which analyzes the federal joinder rule Fed. R. Civ. P. 20, is therefore misplaced.

among all the parties." *Palmer Fish Co. v. APA Agency, Inc.*, 950 N.Y.S.2d 609, 2011 WL 7442985, at *2 (N.Y. Sup. Ct. 2011). As Judge Wicks noted, the Nascas clearly satisfy the first prong. (R&R at 22-23.) The Nascas' claims against both TikTok and the MTA are based on the single occurrence of their son Chase's premature death. TikTok's reliance on *Autoone Ins. Co. v. Manhattan Heights Med., P.C.*, 899 N.Y.S.2d 57, 2009 WL 2357003 (N.Y. Sup. Ct. 2009) to obfuscate the meaning of "occurrence" is unpersuasive. The court in *Autoone*, in which fifty defendants were allegedly involved in three similar but separate schemes to improperly assign insurance rights, does not persuade the court that joinder here is improper. The joinder was found improper, analyzing "transactions" rather than "occurrences," because while the schemes were similar, the groups operated independently. *Autoone*, 2009 WL 2357003 at *8. Even still, the court justified the severance because "combining the multitude of claims by the numerous plaintiffs against three different groups of defendants is likely to cause juror confusion." *Id.* In the present case, two parties are alleged to cause a single teenager's death. The court finds that the Nascas satisfy the first prong of New York's joinder rule.

TikTok similarly objects to Judge Wicks's finding that there was a common question of law or fact. (Obj. 8-10.) The court agrees that TikTok and the MTA are likely to raise distinct legal theories and defenses. But that alone is insufficient to make joinder improper. Joinder is proper under § 1002(b) if "*any* common questions of law or fact would arise." N.Y. C.P.L.R. § 1002(b) (emphasis added). The text, combined with the requirements that we construe the joinder statute liberally, *Leone*, 953 N.Y.S.2d at 159, and construe the removal statute narrowly, *Purdue Pharma*, 704 F.3d at 213, means that the court will remand unless there are no common questions of law or fact.

5

Both defendants are alleged to have proximately caused Chase's suicide. As Judge Wicks notes, and TikTok does not address, both defendants "will likely introduce experts discussing suicide in teens." (R&R at 25.) This alone is sufficient to satisfy the second prong of § 1002. Indeed, this is a case in which a teenager committed suicide by jumping in front of a train, where the first defendant is alleged to have told a teenager to jump in front of a train and the second defendant is alleged to have allowed free access to train tracks. The court is persuaded by Judge Wicks's R&R and the Nascas' arguments in opposition to TikTok's objections that severance would increase the risk of inconsistent verdicts. Because joinder under N.Y. C.P.L.R. § 1002(b) is proper in this case, the court overrules TikTok's objections and adopts Judge Wicks's recommendation.[3]

### B. *In re Ivy* is not binding on the facts of this case.

TikTok argues that Judge Wicks erred in "failing to allow the MDL court to protect its jurisdiction." (Obj. at 16.) The Second Circuit in *In re Ivy* held that the jurisdictional objections in that case should be heard in the consolidated MDL, and TikTok takes issue with Judge Wicks's decision to not address the case. While TikTok raised a version of this argument already, (*see* Opp. to Mot. (Dkt. 21) at 5) as TikTok itself acknowledged in its objections, (Obj. at 16) the court reads TikTok as specifically objecting to Judge Wicks's decision to not cite to relevant Second Circuit precedent, *e.g.*, *In re Ivy*. The court is not persuaded and adopts Judge Wicks's recommendation.

In *In re Ivy*, the Second Circuit noted the three criteria for deciding whether to transfer, and assessed that "Agent Orange cases are particularly well-suited for multidistrict transfer" because the

---

[3] TikTok's second objection about whether misjoinder must be "egregious," (Obj. at 2, 11-13) is therefore moot because the court finds that joinder was proper.

"jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *In re Ivy*, 901 F.2d at 9. The Second Circuit's assessment was not that cases generally should be transferred for jurisdictional assessments, but that cases should be transferred in circumstances in which there are economies in doing so.

Based on the record, the MDL court arguably faces one other similar question of improper joinder. But even if factually similar, the case involves New Mexico law. The court finds that transferring the decision to the MDL court would do little to improve the efficiency of the judiciary. And there is little interest in consistency because the MDL court would be applying different state joinder laws. Indeed, the court notes that TikTok seemed to have a change of heart—where TikTok previously worried that the "problems and inefficiencies" of "such a behemoth, industry-wide MDL . . . would crush our federal judiciary," TikTok Opp. to Consolidation at 1, MDL No. 3047, NM/1:22-cv-00608 (Dkt. 6), it now seeks to add more to the transferee court's docket. The court sees no reason to do so here.

TikTok's larger point is about what it sees as the Nascas' gamesmanship. It makes much ado about the fact that the Nascas originally filed their case in the MDL, and it urges this court to defer to the MDL decision so that it can protect its jurisdiction. (Obj. at 22.) But under Rule 41(a)(1)(A), plaintiffs may voluntarily dismiss their case without a court order. Fed. R. Civ. P. 41(a)(1)(A). In this case, the Nascas chose to voluntarily dismiss their case pursuant to Rule 41(a)(1)(A)(ii), which requires that all parties sign the stipulation of dismissal. *See* Stip. and Order of Dismissal, *Nasca v. ByteDance*, No. 4:22-cv-6134 (YGR) (Dkt. 12). Rather than raise a concern about whether the Nascas were going to refile in state court at that moment, TikTok consented to the Nascas' voluntarily dismissal. However, it is worth noting that it would not have made a difference: TikTok had not yet

served the Nascas with an answer or motion for summary judgment, so they could have voluntarily dismissed as of right under Rule 41(a)(1)(A)(i). After failing to object at the correct moment in the correct court, TikTok invites this court to protect the jurisdiction of a court that did not see it necessary to do so. This court respectfully declines their invitation.

The court notes that this case, with a parallel MDL, is different than most cases in which New York courts have liberally construed joinder. "C.P.L.R. § 1002 governs permissive joinder of parties and advances the twin modern goals of modern civil procedure, i.e., reducing multiplicity of actions and delay and expense in litigation." *Mahmood v. Riverside 1795 Assocs. L.L.C.*, 132 N.Y.S.3d 572, 579 (N.Y. Sup. Ct. 2020). Because of the MDL that will be proceeding regardless of whether the two defendants are joined, that justification is less compelling here. But the "twin modern goals" do not require a different outcome. Regardless of the outcome of this motion for remand, there will be an MDL in the Northern District of California and the Nascas' action against the MTA in New York state court.[4] Either the addictiveness of TikTok's app (if remanded) or TikTok's role in Chase Nasca's suicide (if transferred to the MDL) will be litigated twice. While inefficient, this duplication is at some level inevitable in a federal system with overlapping jurisdictions.

In diversity jurisdiction, this court applies state law. One additional benefit of remanding this case is that if a New York court disagrees with this court's interpretation of New York state joinder law, the appropriate New York court can fix it. If New York

---

[4] The Nascas brought an administrative claim against the MTA *pro se* prior to bringing this action in state court. (R&R 6-7.) This is not a case, as TikTok avers, where plaintiffs simply added an unconnected party to defeat diversity jurisdiction. The non-diverse party the Nascas added was one that the Nascas alleged had failed to fence in a portion of the tracks that had killed over 30 people, (Compl. (Dkt. 1-1) ¶ 268) and one that would be the subject of a suit regardless of whether it was joined with TikTok.

8

joinder law is not so liberal as to allow the joinder of both TikTok and the MTA as defendants, a New York court can sever the claims, at which point TikTok will be able to again seek removal and transfer the case to the MDL.

### IV. CONCLUSION

The court adopts Judge Wicks's R&R in full and the Nascas' motion to remand is GRANTED. The Clerk of the Court is directed to close the case and to remand it to New York State Supreme Court, Suffolk County.

SO ORDERED.

Dated: Brooklyn, New York
October __, 2023

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

9